IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOSEPH S. PACZKOWKSI, §
§ No. 408, 2025
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 1112009386 (S)
STATE OF DELAWARE, §
§
Appellee. §

Submitted: May 15, 2026
Decided: July 31, 2026

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## <u>**ORDER**</u>

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The appellant, Joseph S. Paczkowski, filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP").  For the reasons set forth below, we affirm the Superior Court's judgment.

(2)    In December 2011, a grand jury charged Paczkowski with multiple counts of unlawful sexual conduct against a child by a sex offender.  The acts occurred when the child was eight and nine years old.  In April 2012, Paczkowski pleaded guilty to first-degree unlawful sexual contact and sexual solicitation of a child.  Paczkowski also admitted to a VOP in CR. ID No. 9904022327.

(3) After granting the State's petition to declare Paczkowski a habitual offender, the Superior Court sentenced Paczkowski as follows: (i) for the VOP, third-degree unlawful sexual intercourse, seven years of Level V incarceration; (ii) for first-degree unlawful sexual contact, as a habitual offender, eight years of Level V incarceration with credit for 167 days served; and (iii) for sexual solicitation of a child, fifteen years of Level V incarceration, suspended after successful completion of the Family Problems program for decreasing levels of supervision. Paczkowski did not appeal.

(4) In October 2023, Paczkowski was released from prison to Level IV home confinement. As a Tier III sex offender, Paczkowski was subject to sex offender special conditions that forbade him from possessing pornography. The conditions did not prohibit Paczkowski from having a cell phone. He had a smartphone and a flip phone. Probation Officer Jessica Adkins warned Paczkowski that he was responsible for everything on the smartphone and showed him how to secure it.

(5) In May 2024, Paczkowski told Officer Adkins that he was disturbed by an image of a young naked girl that popped up on his smartphone and gave the phone to Officer Adkins. Paczkowski denied knowledge of how the image got on his smartphone but disclosed that he had been searching for images of children with genital abnormalities to understand his own medical condition. Officer Adkins

obtained supervisor permission to seize the smartphone and turn it over to Probation and Parole's intelligence unit.

(6)     Officer Jason Glenn, a member of the intelligence unit, performed an extraction and examination of Paczkowski's smartphone. The smartphone contained 300 to 400 images or videos of pornography, at least eight images of child-sexual-abuse material ("CSAM"),[1] and child erotica. The images were accessed multiple times on the smartphone between April 1 and April 30, 2024. Officer Glenn submitted a report with his findings to the Internet Crimes Against Children Unit.

(7)     In September 2024, Officer Glenn reported these findings to Officer Adkins. Probation and Parole searched Paczkowski's residence and seized his flip phone. Paczkowski admitted that the flip phone would contain images similar to the images on the smartphone because he conducted the same activities on it.

(8)     On October 22, 2024, Paczkowski was arrested for violating his probation. Officer Adkins' report alleged that Paczkowski violated the conditions of his probation by: (i) possessing CSAM, which constituted a new criminal offense; and (ii) possessing pornography. Officer Adkins requested that the Superior Court sentence Paczkowski to eleven years and six months of Level V incarceration, suspended after eight years for decreasing levels of supervision. Officer Adkins also

---

[1] Officer Glenn testified that CSAM and child pornography meant the same thing to him. In June 2026, the General Assembly amended the relevant statutes to replace the term "child pornography" with "child sexual abuse material." Del. H.B. 166 syn., 153rd Gen. Assem. (2026).

3

requested that Paczkowski be prohibited from accessing any electronic device unless monitored and possessing any photographs of children.

(9) The Superior Court held a contested VOP hearing on June 13, 2025 and September 9, 2025. The State presented eight images of CSAM, six images of child erotica, and six images of adult pornography found on Paczkowski's smartphone. Paczkowski testified in his own defense, claiming that he was researching genital birth defects in order to understand the sexual abuse he suffered as a child and committed as an adult. Paczkowski also blamed a housemate for putting pornography on his smartphone. He admitted to telling Officer Adkins that the smartphone contained images of children being examined for genital birth defects and adult pornography.

(10) The Superior Court found that Paczkowski violated his probation by possessing adult pornography and committing a new criminal offense by possessing CSAM. The court sentenced Paczkowski to ten years and seven months of Level V incarceration, suspended after seven years and completion of the Transitions Sex Offender program for decreasing levels of supervision. The order also prohibited Paczkowski from having photographs of children and from accessing the internet except in accordance with the Probation and Parole Computer Monitoring Pilot Program. This appeal followed.

(11)  "Our review of a Superior Court judge's revocation of a defendant's probation is for an abuse of discretion."[2]  We review constitutional challenges *de novo*.[3]  Paczkowski's arguments on appeal may be summarized as follows: (i) the Superior Court lacked jurisdiction to find a VOP based on his use of YouTube because no such charge was included in the VOP warrant; (ii) there was insufficient evidence to support the VOP; (iii) the State violated *Brady v. Maryland*[4] by withholding favorable evidence; (iv) the Superior Court judge violated his right to due process by having *ex parte* communications with Officer Adkins and exhibiting a closed mind; and (v) the prohibition against his possession of any photographs of children violated the First Amendment to the United States Constitution.

(12)  The Superior Court has subject matter jurisdiction over adults indicted for a felony—including sexual solicitation of a child (which was the crime for which Paczkowski was serving probation)[5]—and probation proceedings arising from felony convictions.[6]  Contrary to Paczkowski's contention, the Superior Court did not find that he violated his probation by using YouTube.  The Superior Court found

---

[2] *Thompson v. State*, 192 A.3d 544, 549 (Del. 2018).

[3] *Id.*

[4] 373 U.S. 83 (1963).

[5] *Slater v. State*, 606 A.2d 1334, 1337 (Del. 1992) ("The Superior Court has personal and subject matter jurisdiction over adults who are indicted for a crime that is a felony, irrespective of whether the victim is a child.").

[6] 11 *Del. C.* § 4333.

that Paczkowski violated his probation by committing a new crime, possession of CSAM, and by possessing pornography, which constituted a violation of his sex offender special conditions. The VOP report included both charges. Accordingly, there is no merit to Paczkowski's argument that the Superior Court lacked jurisdiction over his VOP.

(13) Unlike a criminal trial, the State is only required to prove a VOP by a preponderance of the evidence.[7] "[T]he State must present 'some competent evidence' to 'reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation.'"[8] The conditions of probation at issue in this case were whether Paczkowski had committed a new crime or possessed pornography. Contrary to Paczkowski's contention, the State could seek revocation of his probation regardless of whether it filed new criminal charges against him.[9]

(14) Under Delaware law, it is a crime to "knowingly possess[] any visual depiction of a child engaging in a prohibited sexual act."[10] A "prohibited sexual act"

---

[7] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).

[8] *Id.* (quoting *Collins v. State*, 897 A.2d 159, 160 (Del. 2006)).

[9] *See id.* at 717 ("The State can proceed against a probationer by filing a VOP petition alleging a new criminal offense, even if the State concedes that it does not have enough evidence to prosecute the probationer and to establish beyond a reasonable doubt that he has committed the underlying criminal offense.").

[10] 11 *Del. C.* § 1111(1).

includes "[n]udity, if such nudity is to be depicted for the purpose of the sexual stimulation or sexual gratification of any individual who may view such depiction."[11] During the VOP hearing, the State presented evidence that Paczkowski's smartphone contained images of naked infants with an adult using ungloved hands to expose the infants' vaginal areas. There also was an image of a child between the ages of two and four sitting on a bench with her vagina exposed. The smartphone contained web searches for "cute little girl" and "precocious puberty boys." [12] Paczkowski's smartphone also contained hundreds of images of adult pornography.

(15) As he did in the VOP proceedings, Paczkowski argues on appeal that he was only looking for medical information about children with genital birth defects like his own, not child pornography. The images, however, were of children outside of a medical setting. In addition, Officer Glenn testified that he did not find any web searches with medical terminology on Paczkowski's smartphone. Paczkowski also contends that he was trying to understand the sexual abuse he suffered as a child and committed as an adult, but he does not explain why it was necessary for him to view child pornography or child erotica to do so.

---

[11] 11 *Del. C.* § 1100(7).

[12] App. to Opening Br. at 83–84 (Sept. 9, 2025 Tr. at 20–21).

(16) Additionally, Paczkowski asserts that the pornographic images could not have been extracted from his smartphone because Officer Glenn testified that he found the images in April 2024, but Paczkowski did not turn over his smartphone until May 7, 2024. Paczkowski's assertion is based on an incorrect statement made by Officer Glenn. Both Officer Adkins and Paczkowski testified that Paczkowski turned over his smartphone on May 7, 2024. On the first day of the VOP hearing, Officer Glenn testified that the Probation and Parole's intelligence unit received Paczkowski's smartphone in May. Several months later, however, on the second day of the VOP hearing, Officer Glenn testified that he discovered the pornographic images in April 2024. In light of the earlier testimony, Officer Glen's testimony on the second hearing day was simply mistaken. We rely on the earlier, matching testimony from Officer Glenn, Officer Adkins, and Paczkowski that the smartphone was turned over on May 7, 2024, and disregard Officer Glenn's later inconsistent statement.

(17) Paczkowski blames one of his Level IV housemates for putting pornography on his smartphone, but it was within the Superior Court judge's discretion to find that this testimony was not credible.[13] Based on the testimony and exhibits presented at the VOP hearing, there was sufficient competent evidence to

---

[13] *See Greathouse v. State*, 797 A.2d 1206, 2002 WL 1012673, at *2 (Del. May 10, 2002) (TABLE) (citing *Tyre v. State*, 412 A.2d 326, 330 (Del. 1980)).

support the Superior Court's findings that Paczkowski knowingly possessed images of nude children depicted for the purpose of sexual stimulation or gratification in violation of Section 1111 and that he possessed pornography.

(18) Paczkowski also contends that the State violated *Brady* by withholding evidence favorable to him, specifically medical images of nude children not presented at the VOP hearing. He did not raise this claim below so we review for plain error.[14] "[P]lain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[15]

(19) We have never held that *Brady* applies in probation-revocation hearings, but we need not decide that issue to resolve this appeal.[16] Even if *Brady* applies, Paczkowski has not established a violation of it. Under *Brady* and its progeny, prosecutors have a constitutional duty to disclose exculpatory and impeachment evidence that might be material to the outcome of the case.[17] To

---

[14] *See* Supr. Ct. R. 8.

[15] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

[16] *See* Super. Ct. Crim. R. 32.1(a) (listing certain rights afforded to probationers in probation-revocation proceedings but not listing *Brady*-related rights); *U.S. v. Ataya*, 145 Fed. Appx. 331, 333 (11th Cir. 2005) (holding that "*Brady* only applies to criminal prosecutions and not to probation revocation hearings" and citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973)). *Cf. United States v. Crabb*, 689 Fed. Appx. 498 (9th Cir. 2017) (finding no plain error in probation-revocation hearings while assuming without deciding that *Brady* applies in such proceedings).

[17] *Brady*, 373 U.S. at 87–91.

establish a *Brady* violation, a defendant must show: "(1) evidence exists that is favorable to the accused, because it is either exculpatory or impeaching; (2) that evidence is suppressed by the State; and (3) its suppression prejudices the defendant."[18]

(20) Paczkowski has not met this burden. First, he does not identify the relevant images purportedly withheld or explain how additional images of nude children would be favorable to his defense. Second, he has not shown that the State suppressed favorable images found on his smartphone. Evidence collected from the smartphone was available for inspection by Paczkowski's counsel. The prosecutor presented only a selection of images to prove Paczkowski's VOP and indicated that she was willing to present any other images Paczkowski or his counsel wished to be displayed. Finally, Paczkowski cannot show prejudice. Possession of a single image of child pornography would justify a VOP finding, and the prosecutor presented several such images collected from Paczkowski's smartphone at the hearing. In addition, the evidence established that Paczkowski possessed pornography, which constituted a separate violation.

(21) Paczkowski next contends that the Superior Court judge violated his right to due process by having *ex parte* communications with Officer Adkins and

---

[18] *Starling v. State*, 882 A.2d 747, 756 (Del. 2005).

10

exhibiting a closed mind. He did not raise these claims below, and we therefore review for plain error.[19]

(22) The VOP hearing transcript does not reveal any *ex parte* communications between the judge and Officer Adkins. After Paczkowski finished testifying, the Superior Court judge stated that he had a few questions for Officer Adkins but the judge wanted to take a break first. Following the break, the judge reiterated that he had questions for Officer Adkins, arranged for Officer Adkins to be sworn in, and asked Officer Adkins questions concerning Paczkowski's awareness that he could not possess pornography. Paczkowski then testified in rebuttal, admitting that he understood he could not possess pornography while on probation and as a Tier III sex offender.

(23) Similarly, the record does not support Paczkowski's claim that the Superior Court judge displayed a closed mind by basing his VOP finding on Paczkowski's status as a sex offender or by describing Paczkowski as a pedophile. When faced with a claim of personal bias or prejudice, a judge must engage in the two-part analysis set forth in *Los v. Los*.[20] "First, [the judge] must, as a matter of subjective belief, be satisfied that he can hear and rule on the matter free of bias or

---

[19] *See* Supr. Ct. R. 8.

[20] 595 A.2d 381, 384–85 (Del. 1991).

prejudice concerning that party."[21]  Second, regardless of the judge's subjective belief, there must be no "appearance of bias sufficient to cast doubt on the judge's impartiality."[22]  If the defendant did not raise the issue of recusal below, the first part of the *Los* test does not apply on appellate review.[23]

(24)  Contrary to Paczkowski's contentions, the Superior Court judge did not find a VOP based on Paczkowski's status as a sex offender.  The VOP hearing transcript demonstrates that the judge applied the correct legal standard, identified the conditions allegedly violated, reviewed the evidence presented, considered the defenses presented, and concluded that the evidence established a VOP justifying revocation of Paczkowski's probation.  As to the judge's description of Paczkowski as a pedophile, the judge used this term during sentencing when Paczkowski stated that he did not prey on children and had never been accused of preying on children.  The judge disputed this statement, highlighting Paczkowski's previous convictions for sexual solicitation of a child and sexual contact with a child.  Given the definition of pedophile as "someone who is sexually attracted to children," the judge's use of the term was not illustrative of bias or a closed mind.[24]  Paczkowski has not

---

[21] *Id.*

[22] *Id.* at 85.

[23] *Goodman v. State*, 226 A.3d 741, 2020 WL 1061691, at *2 (Del. Mar. 4, 2020) (TABLE).

[24] *Pedophile*, *Black's Law Dictionary* (12th ed. 2024).

established any appearance of bias sufficient to cast doubt on the Superior Court judge's impartiality.

(25) Finally, Paczkowski argues that the condition prohibiting him from possessing any photographs of children violates his free-speech rights under the First Amendment. He did not object to Officer Adkins' request for this sentencing condition below, so we review it for plain error.[25]

(26) The Superior Court may impose a sentencing condition requiring an offender to refrain from engaging in certain activities "as deemed necessary by the court to ensure . . . the safety of the victim or the public, the rehabilitation of the offender . . . or for any other purpose consistent with the interests of justice."[26] This Court has stated that "[a] trial judge 'has broad discretion in setting probation conditions, including restricting fundamental rights.'"[27] In *State v. Lockwood*, the

---

[25] *See* Supr. Ct. R. 8.

[26] 11 *Del. C.* § 4204(m). Since Paczkowski's VOP, the General Assembly enacted amendments to the probation provisions of Title 11. These new amendments require, among other things, that a probation officer or court "presumptively impose the least number of special conditions, and least restrictive special conditions of supervision, necessary to achieve the goals of supervision" unless the probationer's crime mandates specific conditions." 11 *Del. C.* § 4332(a)(7).

[27] *James v. State*, 937 A.2d 140, 2007 WL 3034805, at *3 (Del. Oct. 18, 2007) (TABLE) (upholding probation condition that barred probationer from being alone with a female after dark) (quoting *United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991)). *See also Belair v. State*, 263 A.3d 127, 2021 WL 4592139, at *1 (Del. Oct. 4, 2021) (TABLE) (rejecting the appellant's argument that the condition prohibiting him from owning a device with the ability to access the internet violated the First Amendment because the appellant had agreed to the condition in his plea agreement; he was a sex offender who used the internet to solicit a child, and the condition only applied for two-and-a-half years); *Hartmann v. State*, 19 A.3d 301, 2011 WL 1486567, at *2 (Del. Apr. 19, 2011) (TABLE) (finding restriction on probationer's internet access "was a reasonable

Vermont Supreme Court rejected a First Amendment challenge to a probation condition prohibiting possession of all photographs of children.[28] The Vermont Supreme Court upheld the condition on plain error review, concluding that it was "reasonably related both to defendant's rehabilitation and protection of the public" and "not unduly restrictive of defendant's liberty or autonomy."[29]

(27) This case is similar to *Lockwood*. In sentencing Paczkowski, the Superior Court emphasized his history of sexually abusing children and expressed concern that his fixation on children was escalating. Throughout his testimony at the VOP hearing, Paczkowski displayed a strong interest in children, the sexual abuse he suffered as a child and his sexual abuse of children, and genital defects in children. Paczkowski maintains that his interest in genital defects in children is based on his own medical condition, but he is an adult, not a child. In addition, this interest does not explain why he conducted web searches using non-medical terms that were likely to elicit CSAM. Nor does it explain why he possessed child erotica, including images of clothed children in suggestive positions that Officer Glenn explained were viewed for sexual gratification. The probation condition will disabuse Paczkowski of the belief that he can collect images of children for sexual

---

condition to ensure the safety of the public" and that the practitioner could still exercise his fundamental right to access the courts).

[28] 632 A.2d 655, 663 (Vt. 1993).

[29] *Id.* (citation omitted).

14

gratification under the guise of conducting medical research or trying to understand past abuse he suffered or perpetrated. Prohibiting Paczkowski from possessing any photographs of children therefore was reasonably related to his rehabilitation and public safety.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Abigail M. LeGrow*
Justice

15